NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ORLANDO JONES,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-3172

---

Petition for review of the Merit Systems Protection Board in case no. DE4324100294-I-1.

---

Decided: January 12, 2012

---

ORLANDO JONES, of Woodbridge, Virginia, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE and LINN, *Circuit Judges*.

PER CURIAM.

Orlando Jones ("Jones") appeals from a final order of the Merit Systems Protection Board ("Board") denying his claim under the Uniform Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) ("USERRA"). Because the Board's decision is supported by substantial evidence, this court affirms.

BACKGROUND

Jones is a 10-point veteran who attained the rank of Sergeant Major and retired after twenty four years in the United States Army. In 2007, Jones was hired by the Department of Veterans Affairs ("DVA") as an Employment Development Specialist, GS-12. After applying and not being selected for four separate positions within the DVA, Jones brought the present USERRA claim alleging that the DVA refused to select him for any of the four positions as a result of his prior military service. Following a hearing, the administrative judge issued an initial decision denying Jones corrective action under USERRA because he had failed to prove by preponderant evidence that the DVA had been motivated by his prior military service when determining not to offer him any of the four positions for which he was not selected.

In attempting to establish that the DVA's decisions not to offer him the four contested positions were based on his prior military service, Jones relied on the following evidence: First, Jones testified that Vernell Rhodes ("Rhodes"), the then Employment and Equal Opportunity Director for the Eastern Colorado Health Care System ("ECHCS"), had told him that the Chief of Human Resources ("HR") for ECHCS, Lorene Connel ("Connel"), had informed Rhodes that she (Connel), along with the ECHCS Director, harbored an anti-veteran bias. Jones

also presented what he testified was a note from one of Rhodes's subordinates, Myria Giles, stating that Connel had informed Rhodes that she (Connel) had pulled one of the contested positions in order to avoid offering it to Jones. Second, Jones relied on the testimony of Bernard Humbles ("Humbles"), President of the American Federation of Government Employees, Local 2241. Humbles testified that he had previously conducted discussions with Connel and the ECHCS Director regarding concerns expressed by multiple veteran employees who felt that their prior military service had been held against them. Third, Jones testified that he believed Myra Picket ("Picket"), who would later become an HR receptionist at ECHCS, had improperly accessed his medical records. Fourth, Jones referred to his applications to the four contested positions in order to establish that he was overqualified for each position based on his many achievements.

The administrative judge, examining the record as a whole, concluded that Jones failed to provide substantial evidence that his non-selection was due to his prior military experience based on findings that: (1) Rhodes offered credible testimony that Connel had never expressed to her any anti-veteran bias in general or any specific bias against Jones based on his prior military service and that it did not appear Jones had been passed over on that basis; (2) Humble's testimony regarding the concerns of other employees that their military service had been held against them was too general to substantiate a specific bias in Jones's case; (3) Jones's allegations of improper access to his medical records did not substantiate a specific bias where Connel's unrebutted testimony showed that any such access, if it occurred, was prior to Picket's employment in HR, and was unknown to other HR employees; and (4) Jones's impressive accomplishments both during and after his career in the military did not evidence that his military experience had been held against

him. Applying these findings, the administrative judge denied Jones's request for corrective action under USERRA.

Jones petitioned for review by the Board, which denied his petition and made the initial decision of the administrative judge final on May 9, 2011. In its final order, the Board also stated that Jones's allegations of discrimination and prohibited personnel practices, which Jones also sought to include in his appeal, were not properly before the Board. Jones timely appealed and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In reviewing a final decision of the Board, this court will affirm unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)).

On appeal to this court, Jones argues that the Board erred by failing to take into account (1) three documents (which Jones characterizes as "testimony"), one of which purports to be the Giles note and the other two of which purport to be investigator reports from the DVA's Office of Resolution Management reciting the beliefs of Rhodes and another party that Jones's non-selection was due to racial bias, and (2) the Connel testimony. Jones's informal brief also contains a partial allegation that a record of minimum qualifications was not properly completed. Finally,

Jones alleges that the Board erred by failing to apply USERRA.

The DVA responds that the Board's decision was supported by substantial evidence and that the evidence raised on appeal either was considered by the Board or is not relevant to whether Jones's military service was a negative factor in the DVA's decision. The DVA also argues that Jones fails to point to any specific rule that the Board failed to respect in reaching its decision.

To prevail on his USERRA claim, Jones needed to prove by preponderant evidence that the DVA's decision not to offer him these positions had been based upon his former military service. *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) ("The procedures established by precedent require an employee making a USERRA claim of discrimination to bear the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action." (citation omitted)).

The administrative judge's conclusion, as made final by the Board, that Jones had failed to carry this burden was based on credibility determinations and careful weighing of the evidence. The conclusion is consistent with the record and fully supported by substantial evidence. On appeal, Jones recites his disagreement with the conclusion of the administrative judge and the Board, but offers no reason that would allow this court to disturb it. With regard to the Giles note and the Connel testimony, Jones's appeal amounts to a request for this court to reweigh the same evidence that the Board already considered. We are not free to do this. *See Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) ("[A]n evaluation of witness credibility is within the discretion of the Board and . . . in general, such evaluations are virtually unreviewable on appeal." (quotations omitted)); *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir.

1987) ("In determining whether the [Board's] decision is supported by substantial evidence, the standard is not what the court would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." (citation omitted)).

Finally, while the DVA argues that the investigator reports referenced in Jones's appeal are part of his separate EEOC claims rather than the present proceeding, we do not need to address this issue. As the DVA correctly explains, the reports do not contain any statements which tend to show that Jones's non-selection was based on anti-veteran bias. They are therefore irrelevant to Jones's USERRA claim.

For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.